Filed 11/22/24  P. v. Davis CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337542 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA068464) |
| v. | |
| COLLIN ROBERT DAVIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Defendant Collin Robert Davis appeals from the denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We find no error and affirm.

## PROCEDURAL BACKGROUND

### A.     Conviction and Direct Appeal

In 2008, a jury found Davis guilty of one count of second degree murder and three counts of premeditated attempted murder.[2]  In 2009, on Davis's direct appeal, this court reversed one of the three attempted murder convictions for insufficient

---

[1] All unspecified statutory references are to the Penal Code. At the time Davis initially filed his resentencing petition, the statute at issue was codified at section 1170.95.  The Legislature renumbered the statute as section 1172.6 effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For ease of reference, we use the current citation at section 1172.6 throughout this opinion.

[2] The jury also found true certain firearm and gang-related allegations.  Davis argues we should strike his "gang enhancement [because it] is invalid due to [Assembly Bill No.] 333."  Section 1172.6 addresses whether a defendant could presently be convicted of murder and/or attempted murder despite changes to sections 188 and 189 (§ 1172.6, subd. (a)(3)); it does not provide a means to attack a true finding on a gang-related enhancement.  In any event, Davis's conviction became final in 2009, and Assembly Bill No. 333 (2021-2022 Reg. Sess.) was not enacted until 2021.  (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)  Davis makes no cogent argument that Assembly Bill No. 333 applies to convictions that were already final before the bill's enactment.  (*Huntsman-West Foundation v. Smith* (2024) 104 Cal.App.5th 1117, 1134 [when the appellant does not supply cogent argument supported by legal analysis, reviewing court need "not address the claim."].)

evidence but otherwise affirmed the judgment. (*People v. Davis* (Jul. 29, 2009, B207319) [nonpub. opn.] (*Davis I*).)

**B.     Section 1172.6**

In 2018, the Legislature enacted what eventually became section 1172.6 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.).  The legislation's overall purpose was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish this, the bill added section 189, subdivision (e) "to amend the felony-murder rule," and added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.)

**C.     Resentencing Proceedings**

In 2019, Davis filed a petition for resentencing pursuant to section 1172.6.  His petition alleged that he had been convicted of murder and attempted murder under the natural and probable consequences doctrine, and that he could not now be convicted of those crimes because of changes to sections 188 and 189.  In 2021, the resentencing court denied the petition, finding: (1) Davis had failed to make a prima facie case as to his murder conviction because "he was tried on an express[ ] malice murder theory in addition to a natural and probable consequences theory"; (2) that even if Davis had made a prima facie showing as to his murder conviction, "the People have proved to the court at the hearing beyond a reasonable doubt based on the record of conviction that he was/or would have been convicted on the

3

theory of express[ ] malice"; and (3) Davis was not entitled to relief as to his two attempted murder convictions because the then-current version of section 1172.6 did not apply to the crime of attempted murder.

Davis appealed. While the case was on appeal, the Legislature amended section 1172.6 to allow persons convicted of attempted murder under the natural and probable consequences doctrine to apply for resentencing. (Stats. 2021, ch. 551, § 2.)

In 2022, we held the resentencing court erred in finding Davis had failed to make a prima facie case as to his murder conviction and remanded for the court to conduct an evidentiary hearing under subdivision (d)(3) of section 1172.6 as to that conviction. We affirmed the denial of the petition as to the attempted murder convictions because the natural and probable consequences instruction given to Davis's jury applied only to the murder charge not the attempted murder charges. (*People v. Davis* (Feb. 1, 2022, B312149) [nonpub. opn.] (*Davis II*).

Following remand, the court received supplemental briefing. It conducted an evidentiary hearing on March 4, 2024, at which it received into evidence among other things the preliminary hearing transcript and the evidence presented at Davis's 2008 trial (including transcripts of trial testimony). During the hearing, Davis argued that he was entitled to section 1172.6 relief on both the murder and attempted murder convictions.

On April 2, 2024, the court issued a written ruling denying the resentencing petition. The court observed it had spent considerable time reviewing the evidence and the applicable law, and ruled as an independent factfinder that the evidence established beyond a reasonable doubt that Davis acted with

4

malice aforethought and remained guilty of murder under current law as a direct aider and abettor. The court further ruled it did not have jurisdiction to reconsider whether Davis was eligible for relief as to his attempted murder convictions given our holding in *Davis II* that "the record of conviction establishes that [Davis] was convicted under an express malice theory on the attempted murder charges." (*Davis II*, *supra*, B312149.)[3]

Davis now appeals the denial of resentencing relief. His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.) In that instance, we do "not need to write an opinion but should notify the defendant when [we] dismiss[] the matter." (*Ibid.*) Because a defendant who has been

---

[3] The court further ruled that even if it could find Davis had made a prima facie case for relief as to the attempted murder convictions, the court would still deny the petition because the evidence demonstrated beyond a reasonable doubt that Davis was guilty of attempted murder under current law.

5

denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On October 15, 2024, we notified Davis by letter of the no-merits brief filed by his counsel and informed him that he had 30 days to file a supplemental brief.[4] We received Davis's supplemental brief on October 30, 2024.

## DISCUSSION

"While the superior court acts as an independent fact finder in determining whether the People have met their burden, on appeal, the reviewing court applies the substantial evidence standard to the superior court's findings. [Citation.] Under this familiar standard, ' "we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.] We determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of

---

[4] In a declaration submitted with his brief, Davis's counsel averred that he sent Davis a copy of counsel's brief along with a copy of the record.

6

fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.] In so doing, a reviewing court "presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' [Citations.] Substantial evidence also ' "includes circumstantial evidence and any reasonable inferences drawn from that evidence." ' [Citations.]" (*People v. Vargas* (2022) 84 Cal.App.5th 943, 951.) We analyze the application of facts to the statute de novo. (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383.)

Davis identifies two alleged errors in the court's denial of his resentencing petition. One is a claim that the prosecutor committed misconduct during his trial by misstating certain evidence. "[T]he limited jurisdiction afforded by section 1172.6 does not provide the trial court broad jurisdiction to correct alleged errors in the original judgment on alternative grounds" beyond changes in the law concerning imputed malice. (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122.) Davis's claims of prosecutorial misconduct do not relate to whether he remains guilty of murder despite changes in the law regarding imputed malice. Further, this argument essentially repeats claims about prosecutorial misconduct Davis made, and we rejected, in his direct appeal. (*Davis I, supra*, B207319.)

Davis also argues there is no substantial evidence he was an aider and abettor who harbored implied malice. Davis does not identify any particular count(s) as to which his argument applies. We consider this claim only as to the murder conviction given our holding in *Davis II* that Davis is ineligible for relief under section 1172.6 as a matter of law on his two attempted murder convictions.

The resentencing court recited the following evidence in finding Davis guilty of murder under current law: "Davis acted with malice aforethought when he drove [with others] to the area [where the murder took place] . . . [knowing] the purpose was to hunt for [rival] gang members that had had [sic] confronted him and [another individual] earlier in the day, or if not them other Hispanics." Davis's supplemental brief does not dispute there was substantial evidence to support this finding, which is sufficient to find malice supporting a conviction for second degree murder under current law. (*People v. Reyes* (2023) 14 Cal.5th 981, 991.)

Davis instead claims questions from the jury during deliberations demonstrate it likely determined he lacked malice aforethought and convicted him based on the natural and probable consequences doctrine. When conducting an evidentiary hearing pursuant to section 1172.6, subdivision (d), " 'it is the [trial] court's responsibility to act as independent fact finder and determine whether the evidence establishes a petitioner would be guilty of murder under amended sections 188 and 189 and is thus ineligible for resentencing under section [1172.6].' " (*People v. Cody* (2023) 92 Cal.App.5th 87, 110, quoting *People v. Ramirez* (2021) 71 Cal.App.5th 970, 984.) Thus, the basis for the prior jury verdict (to the extent one could even determine it) is irrelevant and has no bearing here on whether substantial evidence supports the resentencing court's independent determination regarding malice.

Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

8

**DISPOSITION**

The order denying Davis's resentencing petition is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.